IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| VICTOR R. CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv−0869−NJR |
| | ) | |
| ZACHERY ROECKMAN, | ) | |
| J. GARNETT, | ) | |
| GADDIS, | ) | |
| M. SANDERS, | ) | |
| CHILDERS, | ) | |
| HYDE, | ) | |
| SHRADER, | ) | |
| MASSEY, | ) | |
| D. KNAUER, | ) | |
| JOHN R. BALDWIN, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Victor Cunningham, an inmate in Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages for his pain and suffering. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiff alleges that on July 22, 2015, he transferred into Big Muddy River Correctional Center from Lawrence Correctional Center. (Doc. 1, p. 5). Some of his property was misdirected during the transfer, and Plaintiff alleges that a portion of it was never returned. (Doc. 1, p. 5). When Plaintiff complained, he was compensated for some, but not all, of his property. (Doc. 1-1, p. 13). Specifically, he was never compensated for one snack cake box, one kool-aide, one mackerel, one jar of peanut butter, one turkey meat, one keefe coffee, one box of tea, and one saltine cracker. (Doc. 1-1, p. 13).

On September 24, 2015, Plaintiff was sent to segregation. (Doc. 1, p. 6). He was released ten days later on October 4, 2015. (Doc. 1, p. 6). Once again, property was missing. (Doc. 1, p. 6). This time, Plaintiff was missing one sweat shirt, one sweat pants, one pair tennis shoes, three

Dial soaps, two chips, two bowels, four write-outs, two cookies, two deodorant, four noodles, one oraline toothpaste, one box snack cracker, and one bag peppermint. (Doc. 1-1, p. 13). Plaintiff seeks compensatory damages for the stress he suffered due to the loss of his property.

## Discussion

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.

To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Plaintiff thus cannot seek damages in federal court for the loss of his property, and his Fourteenth Amendment civil rights claim shall be dismissed with prejudice. He may, however, seek redress for his economic loss in state court, providing he can file his state action in accordance with the applicable rules and deadlines. The dismissal of this civil rights action shall not operate as a bar to Plaintiff bringing a property claim in the Illinois Court of Claims.

The Complaint also does not state a claim for "cruel and unusual punishment" within the meaning of the Eighth Amendment. Plaintiff's mental distress over the loss of his property does not rise to the level of a significant deprivation of a basic human need, such as food, medical

care, physical safety, or sanitation, which would trigger Eighth Amendment scrutiny. *See Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Farmer v. Brennan,* 511 U.S. 825, 837 (1970).

Plaintiff's assertion that Defendants were negligent and careless in handling his property is equally unavailing. Negligence does not violate the Constitution. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes,* 64 F.3d 285, 290 (7th Cir. 1995).

Finally, even if he had stated a colorable claim, Plaintiff could not recover damages in a civil rights case in the absence of any physical injury. The Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997e *et seq.*), as amended in 1996 by the Prison Litigation Reform Act, strictly limits an inmate's recovery for mental or emotional injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e).

For these reasons, this action shall be dismissed with prejudice.

## Pending Motions

Because Plaintiff has failed to state a claim, his Motion for Appointment of Counsel (Doc. 6) and Motion for Service at Government Expense are **DENIED as moot**. (Doc. 7).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and thus this action is **DISMISSED with prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: September 28, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**